## MARION BELL v. THE STATE.

No. 4305. Decided December 6, 1916.

**Theft from Person—Sufficiency of the Evidence.**

Where, upon trial of theft from the person, the evidence was circumstantial, yet of such character that the jury were authorized to render a verdict of guilty, there was no reversible error.

Appeal from the District Court of Travis.   Tried below before the Hon. A. S. Fisher.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. B. Monroe,* for appellant.—On question of insufficiency of the evidence:  Pogue v. State, 12 Texas Crim. App., 283; Hogan v. State, 13 id., 319; Washington v. State, 16 id., 376; Robinson v. State, 16 id., 347; Harrison v. State, 16 id., 325; Stouard v. State, 27 id., 1; Porter v. State, 1 id., 394; Gay v. State, 42 Texas Crim. Rep., 450; Hernandez v. State, 72 S. W. Rep., 840.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of theft from the person, his punishment being assessed at two years confinement in the penitentiary.

The evidence is not of a cogent nature, being a case of circumstantial evidence, yet we are not prepared to say the jury, under the circumstances, was unauthorized to render their verdict.  The injured party was in a state of intoxication, and was not very clear in his testimony as to a part of the transaction, and during the latter part of the day seems to have been in such condition that he did not recollect things that actually occurred, but he did recollect that appellant was with him and moving about town and drinking with him, and he recollected the appellant knocking him over or pushing him over, but he did not seem to be clear as to whether appellant got his watch and money or not. There was a woman about sixty years of age who saw this transaction from a nearby residence and recognized the defendant as the man who either knocked or pushed down the alleged injured party, and saw him put his left hand in the left-hand vest pocket and his right hand in the right-hand vest pocket of the injured party.  She saw him take something from the pocket but did not recognize what it was.  The watch taken was in the left-hand pocket and the money was in the right-hand pocket.  The watch and money were both gone when the injured party was arrested and carried to the calaboose for being intoxicated.  Later on appellant left the injured party and was arrested about an hour later in a different part of the city.  He, too, was sharply intoxicated.  This is the substance of the State's case.  Appellant was never seen with the watch, but the officer who arrested him said he had four or five dollars in silver but the books at the police station only showed he had seventy cents.  A stranger pawned the watch within the hour at Mr. Jackson's jewelry establishment.  The watch was found there, and Mr. Jackson testified a stranger brought it there; that he had known appellant for a year, and that appellant was not the man who pawned the watch, appellant himself denying having

taken the property. This is practically the defendant's case. We are of opinion that the testimony of the injured party, in connection with the testimony of the lady who saw the transaction, was sufficient to authorize the jury to render their verdict.

The judgment is affirmed.

*Affirmed.*

HARPER, JUDGE, absent.